**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10200 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02089-DGC |
| v. | |
| FRANCISCO PERAZA-GAMBOA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Francisco Peraza-Gamboa appeals from the district court's judgment and challenges the 60-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peraza-Gamboa argues that the district court committed procedural error by relying on a clearly erroneous fact that is not pertinent to any of the 18 U.S.C. § 3553(a) sentencing factors. We need not resolve the parties' dispute over the proper standard of review because Peraza-Gamboa's contention fails even on de novo review. The district court did not err in considering the timing of Peraza-Gamboa's guilty plea and the extent of the government's preparation for trial because its findings regarding those facts were not "clearly erroneous," and were relevant to consideration of section 3553(a)(6) and his acceptance of responsibility. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Peraza-Gamboa also contends that his sentence is substantively unreasonable in light of the alleged procedural errors, the staleness of his non-violent conviction that led to the 16-level enhancement, and because this was his first immigration offense. The district court did not abuse its discretion in imposing a 60-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Peraza-Gamboa's extensive criminal history. *See id.*

**AFFIRMED.**